```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (St. Bar #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Fax: (415) 392-1978

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC.,<br><br>                Plaintiff,<br>    vs.<br><br>BFI WASTE SYSTEMS OF NORTH AMERICA, INC., a corporation, doing business as WASTE SERVICES OF SANTA CLARA COUNTY, BFI SAN CARLOS TRANSFER STATION, BFI WASTE SERVICES OF SANTA CLARA COUNTY, BUILDERS DEBRIS BOX, BFI WASTE SERVICES OF SAN MATEO, AND BFI SAN CARLOS TRANSFER STATION<br><br>                Defendant. | NO. <u>C 08 3331 MHP</u><br><br><u>COMPLAINT</u> |

        Plaintiff complains of defendant and for a cause of action alleges that:

        1.   Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. § 185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. 1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the

<u>COMPLAINT</u>
-1-

1  provisions of ERISA and the provisions of the National Labor Relations
2  Act of 1947.  This action is also brought pursuant to the Federal
3  Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of
4  actual controversy between plaintiff and defendant, and for a Judgment
5  that defendant pay fringe benefit contributions in accordance with its
6  contractual obligations.

7      2.  Plaintiff is an organization incorporated and in good
8  standing under the laws of the State of Washington.  Plaintiff has
9  qualified to do business and is doing business in the State of
10 California, and its principal place of business in California is in
11 Daly City, San Mateo County.  Plaintiff is the administrator of the
12 WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND and has been
13 directed and authorized by the Trustees of said Trust Fund to bring
14 this action for and on behalf of the Trustees of said Trust Fund.  The
15 WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND will hereinafter
16 be referred to as the "TRUST FUND".  The Agreement and Declaration of
17 Trust, dated April 26, 1955 (hereinafter referred to as the "Trust
18 Agreement"), which Trust Agreement established the TRUST FUND sets
19 forth the provisions governing the maintenance of the TRUST FUND
20 pursuant to the applicable requirements of Section 302 of the Labor
21 Management Relations Act of 1947 (29 U.S.C. § 186) as amended.

22     3.  Each and every defendant herein is the agent of each and
23 every other defendant herein.  Defendants and each of them are engaged
24 in commerce or in an industry affecting commerce.

25     4.  At all times pertinent hereto defendant was bound by
26 written collective bargaining agreements with Teamsters Local Union
27 No. 350, a labor organization in an industry affecting commerce.  The
28 aforesaid agreements provide that defendant shall make contributions

to the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND on behalf of defendant's employees on a regular basis, and that defendant shall be bound to and abide by all the provisions of the Trust Agreement above referred to.

5. Defendant has breached both the provisions of the collective bargaining agreements and the Trust Agreement above referred to by failing to complete and send in accurate monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

6. Pursuant to the terms of the collective bargaining agreements, there is now due, owing and unpaid from defendant to the TRUST FUND (Pension Account No. 315134, 315412, 315150 & 315260) contributions for hours worked by covered employees found due by a payroll audit for the period January 1, 2005 through March 31, 2007, and liquidated damages and interest which are specifically provided for by said agreement. The total amount due including interest to date is $37,025.06. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued. Interest continues to accrue on the principal amount.

7. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUND or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 6 above.

8. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay

1 | court costs and a reasonable attorneys' fee.  It has been necessary
2 | for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
3 | as attorneys to prosecute the within action, and a reasonable
4 | attorneys' fee should be allowed by the Court on account of the
5 | employment by plaintiff of said attorneys.
6 |      WHEREFORE, plaintiff prays:
7 |      1.   That the Court render a judgment on behalf of plaintiff
8 | for all contributions due and owing to the date of judgment, plus
9 | liquidated damages provided for by the contract, interest at the legal
10 | rate, reasonable attorneys' fees incurred in prosecuting this action
11 | and costs.
12 |      2.   That the Court retain jurisdiction of this cause pending
13 | compliance with its orders.
14 |      3.   For such other and further relief as the Court deems
15 | just and proper.
16 |      Dated:    July 9, 2008
17 |                        ERSKINE & TULLEY
18 |
19 |                        By:/s/Michael J. Carroll
20 |                           Michael J. Carroll
                          Attorneys for Plaintiff
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

<u>COMPLAINT</u>
-4-